UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

Plaintiff,

v.

ALAN ENRIQUE LANDAZURI BECERRA

Defendant.

Case No.: 17cr1465-LAB

**ORDER DENYING MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)**

Defendant Alan Enrique Landazuri Becerra, pled guilty to international conspiracy to distribute controlled substances. On January 27, 2020, the Court sentenced him to 60 months' imprisonment followed by five years' supervised release. Becerra is a noncitizen, and is subject to deportation after he completes his sentence.

On September 3, Becerra, proceeding *pro se*, filed a motion for reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A). (Docket no. 610.) The motion was referred to Federal Defenders of San Diego for consideration. On September 8, attorney Jessica Agatstein of Federal Defenders entered an appearance on Becerra's behalf. Since then Becerra has not filed anything, nor has anything been filed on his behalf.

Under § 3582(c)(1)(A), a court may in limited circumstances grant a defendant's motion to modify his term of imprisonment. The defendant must first petition the Bureau of Prisons (BOP) to file the motion on his behalf. A court may not grant the motion unless the defendant fully exhausts his administrative remedies with the BOP. If the requirements are met the Court may in its discretion modify or reduce the defendant's term of imprisonment after reconsidering the factors set forth in 18 U.S.C. § 3553(a). The majority of district courts to consider the issue have taken the position that the statutorily-provided exhaustion requirements are jurisdictional. *See United States v. Baye*, 464 F. Supp. 3d 1178, 1182–84 (D. Nev., 2020) (concluding that exhaustion requirements for compassionate release under § 3582(c)(1)(A) are jurisdictional). Some courts have held these requirements non-jurisdictional and subject to waiver or equitable exceptions. *See United States v. Connell*, ___ F. Supp. 3d ___, 2020 WL 2315858 at *2–5 (N.D. Cal., May 8, 2020). The Court is persuaded that the requirements are jurisdictional, while recognizing that the question is not settled.

The motion does not say directly whether Becerra exhausted his claims, but it implies he did not. It says he "heard something about people getting out of prison before they complete [their] sentence" and asks the Court to look into his case and determine whether he is eligible. Assuming the exhaustion requirement is jurisdictional, and assuming Becerra did not exhaust, the Court's analysis would end there; the Court would lack discretion to consider Becerra's request.

But even if exhaustion is not jurisdictional, or if Becerra did exhaust his claims, the Court would deny the motion on the merits. The United States Sentencing Commission has published a policy statement addressing the standards for compassionate release. U.S.S.G. § 1B1.13. The statement says a court may reduce a term of imprisonment under § 3582(c)(1)(A) if "extraordinary and compelling reasons" warrant release "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable." *Id*. The "extraordinary

and compelling reasons" requirement is mandatory, and the burden falls on the movant to establish it. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020). *See also United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998) (movant under § 3582(c) bears initial burden of demonstrating that sentence reduction is warranted). The statement also directs courts to determine that "the defendant is not a danger to the safety of any other person or to the community," before reducing a term of imprisonment. Certain circumstances constitute "extraordinary and compelling reasons" that justify sentence reduction, including "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, App. Note 1(A)(ii)(I).

Becerra's motion points to no extraordinary or compelling reasons for modifying Becerra's sentence. He says he suffers from gastritis and sinusitis and has a hard time breathing, though he does not say whether these conditions are being treated by the BOP or are treatable. He identifies other inconveniences resulting from lockdown, such as lack of access to religious services and education, that are common to all incarcerated inmates. Becerra is in his early thirties, and with the possible exception of whatever causes him trouble breathing, he has no comorbidity factors. *See United States v. Ramirez-Suarez*, 2020 WL 3869181, slip op. (N.D. Cal., July 9, 2020) (finding lack of extraordinary and compelling reasons where defendant was not in a high risk age group and lacked underlying medical conditions making him unusually vulnerable to COVID-19). The inconvenience caused by extended lockdown is not an "extraordinary and compelling" reason.

Because Becerra has not met his burden of demonstrating extraordinary or compelling circumstances, the Court need not reach the remainder of the analysis. *See United States v. Brown*, 2020 WL 6076264, slip op. at *2 (D. Or., Oct. 13,

2020) (denying sentence modification based solely on defendant's failure to show extraordinary and compelling reasons, without reaching other requirements or analyzing the § 3553(a) factors); *United States v. Nunez*, 2020 WL 5203429, slip op. at *3 (E.D. Cal., Sept. 1, 2020) (same). *See also Ramirez-Suarez*, 2020 WL 3869181 (noting that it was questionable whether defendant met exhaustion requirements, and denying sentence reduction because defendant failed to demonstrate extraordinary and compelling reasons).

The motion is **DENIED**.

**IT IS SO ORDERED**.

Dated: February 8, 2021

Honorable Larry Alan Burns
United States District Judge